UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK BERNARD SAVANNAH,<br><br>    Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent.<br>_____/ | No. C-11-3634 EMC (pr)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

    Frederick Bernard Savannah, a prisoner at the Calipatria State Prison, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

    This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Rule 2(c) of the Rules Governing Habeas Corpus cases instructs the petitioner to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground." Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491-92 (9th Cir. 1990) (habeas petitioner must state his claims with sufficient specificity).

1    The petition filed by Savannah states that he is challenging a conviction from Contra Costa
2 County Superior Court but provides almost no other relevant information, such as the date of the
3 conviction, the crime(s) of which he was convicted, the length of his sentence, or the claims he
4 wants to present to this Court. Due to Savannah's failure to fill in the portions of the form petition
5 where he was directed to list his grounds for relief, see Petition at 5-6, the petition does not state a
6 claim upon which relief may be granted.

7    Savannah must file an amended petition in which he states every claim for federal habeas
8 relief he wants this Court to consider and describes the facts that support each claim. (Some
9 petitioners find it helpful to submit a copy of their briefs from the California Court of Appeal or
10 California Supreme Court as a way to provide the details of the legal claims that they have listed in
11 their federal habeas petitions.) He should note that this Court can only consider claims for
12 violations of his rights under the constitution, laws or treaties of the United States, *see* 28 U.S.C. §
13 2254(a), and cannot consider claims for violations of state law. In preparing his amended petition,
14 Savannah also should bear in mind that this Court cannot consider a claim unless state court
15 remedies have been exhausted for that claim. The exhaustion requirement means that he must
16 present each and every claim to the California Supreme Court in a petition for review or in a habeas
17 petition to give that court a fair opportunity to rule on the merits of it before this Court can consider
18 the claim.

19    In his amended petition, Savannah also must name a proper respondent. The proper
20 respondent for him would be the warden of the prison in which he is now incarcerated.
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

For the foregoing reasons, the petition is dismissed with leave to file an amended petition no later than **October 14, 2011**. The amended petition should have this case caption and case number on the first page and should be clearly marked "Amended Petition." Failure to file the amended petition by the deadline will result in the dismissal of this action.

Petitioner's in forma pauperis application is **GRANTED**. (Docket # 3, # 5.)

IT IS SO ORDERED.

Dated: September 12, 2011

_____
EDWARD M. CHEN
United States District Judge